**HOUSTON PACKING CO. v. CUERO COTTON OIL & MFG. CO.** (No. 469–3846.)

(Commission of Appeals of Texas, Section A. Oct. 31, 1923.)

**Sales ☞107—Telegraphic notice of cancellation of contract for sale of cotton oil held sufficient.**

Where cotton oil was sold under a contract making it the duty of the seller to notify the buyer 10 days before the expiration of the period in which tank cars might be forwarded in time to reach the seller to admit of shipment within the contract period, and providing that failure on the buyer's part to forward tank cars as required and give notice thereof should entitle the seller to cancel at the expiration of the contract time, by giving to the buyer telegraphic notice of cancellation, a telegram from the seller to the buyer that a company from which the seller was obtaining the oil to the buyer's knowledge would not load a tank car furnished except at the market price *held* sufficient telegraphic notice of intent to cancel.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Cuero Cotton Oil & Manufacturing Company against the Houston Packing Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (241 S. W. 502), and defendant brings error. Reversed and rendered in accordance with the recommendation of the Commission of Appeals.

Bryan, Dyess & Colgin and Grover Rees, all of Houston, for plaintiff in error.

Bailey & Wallace, of Cuero, for defendant in error.

BISHOP, J. The defendant in error, Cuero Cotton Oil & Manufacturing Company, filed suit in the district court of DeWitt county against plaintiff in error, Houston Packing Company, for damages for the alleged breach of a contract of sale of a tank car of cotton seed oil of date September 27, 1917. On trial judgment was rendered and entered for defendant in error for $1,711.60, and on appeal the judgment was affirmed by the Court of Civil Appeals in an opinion (241 S. W. 502) in which is given a full statement of the pleadings and facts. The case is before the Supreme Court on writ of error. Only such statement is made here as is necessary to a consideration of the sole question raised in the petition for the writ.

On the above-named date the plaintiff in error sold to defendant in error one tank car of 160 barrels' capacity, prime crude cotton seed oil at $1.13 per gallon f. o. b. Texas common points, to be delivered during the month of January, 1918; the tank to be furnished by the buyer. Under the contract it was the duty "of the seller to notify buyer at least ten days previous to the expiration of the period in which tank cars might be forwarded in time to reach seller in time to admit of shipment of the oil within the contract period." The contract also provides that—

A "failure on the part of buyer to forward tank cars as required * * * and give due notice of forwarding shall entitle the seller at his option to cancel the contract at the expiration of the contract time, by giving to the buyer telegraphic notice of cancellation."

And also that—

"In case the seller elects to cancel, he must, after he acquired the right to cancel any contract, or part thereof, immediately notify the buyer by wire of his intention to do so, it being understood that the contract is in force until such notice of cancellation has been given by the seller. * * * Failure to give such notice shall operate as a renewal of the contract and shall extend the time of same as many days as seller allows to lapse before giving notice."

Houston Packing Company, plaintiff in error, having on December 4, 1917, purchased a car of oil from Farmers' Cotton Oil Company of Winnsboro, a Texas common point, to deliver to defendant in error in satisfaction of its contract of sale, on January 7, 1918, wrote defendant in error tendering this oil on its contract of September 27, 1917.

The defendant in error, the Cuero Company, sold a car of oil of like kind to Magnolia Provision Company of Houston, "and the Magnolia Company sold it to the Planters' Oil Company of Waxahachie, who in turn sold it to Proctor & Gamble of Ohio."

"On the 23d day of January, 1918, the packing company wrote a letter to the Farmers' Cotton Oil Company of Winnsboro, a carbon copy of which was sent to the Cuero Company, which reads as follows:

"'Houston, Tex., Jan. 23, 1918.

"'Farmers' Cotton Oil Company, Winnsboro, Texas—Gentlemen: P. O. No. 1949—S. C. No. 1791. We are in receipt of carbon copy of letter of Jan. 21st, relative to one tank prime crude cotton seed oil which we bought from you through Yepp contract dated Dec. 4th, and which we declared to the Cuero Cotton Oil & Mfg. Co., who in turn declared to Magnolia Prov. Co., and they to Planters' at Waxahachie, who have it sold to Proctor & Gamble Co.

"'If the procedure outlined by the Magnolia Prov. Co. is satisfactory to you, please advise us. It meets with our approval.

"'Yours truly,

"'Houston Packing Company.'

"On the 30th day of January, 1918, the Farmers' Cotton Oil Company wrote the packing company as follows:

"'Winnsboro, Tex., Jan. 30, 1918.

"'Houston Packing Company, Houston, Texas—Gentlemen: Further referring to Yepp contract of Dec. 4, 1917, in which we sold you January oil at $1.25 per gal., and which seems to have been traded all around the world, we desire to advise that we made requisitions for this tank early in Jan. and have insisted that it be forwarded, and the last information that we had, it had been traded to Proctor & Gamble and that they would be unable to furnish Jan. tanks and was asking for extension which was impossible for us to grant as we have already been shut down for want of storage capacity but to our surprise we have received letter of instructions and number of tank which seems to have been forwarded Jan. 24th to us, and which we feel cannot reach us during the life of this contract, however, if it should, we will load, and if not, under the interstate rules, said contract becomes null and void.

"'Trusting that you will take this up at once with Proctor & Gamble Co., as they are not known to us in this connection, we are,

"'Yours very truly,

"'Farmers' Cotton Oil Company.'

"On the 1st day of February, 1918, the packing company wrote the Cuero Company as follows:

"'Houston, Tex., Feb. 1, 1918.

"'Cuero Cotton Oil & Mfg. Co., Cuero, Texas—Gentlemen: P. C. No. 1949—S. C. No. 1791. We are to-day in receipt of letter from Farmers' Cotton Oil Company Winnsboro, Texas, under date of Jan. 30th, as per copy attached, relative to one tank prime crude cotton seed oil which we declared to you on our sale to you on Sept. 27th, through E. H. Terrell & Co., and this is to give you official notice of the intention of Farmers' Cotton Oil Company relative to the delivery of this oil.

"'We would suggest that you advise Proctor & Gamble immediately, so as to avoid any unnecessary delay to the tanks, or further complications on this contract.

"'Yours truly,

"'Houston Packing Company.'

"On the same day, that is, February 1, 1918, the Cuero Company sent the packing company a telegram reading as follows:

"'Cuero, Texas, 11:01 A. M., February 1, 1918.

"'Houston Packing Company, Houston, Texas. Magnolia advises tank nineteen seventy-five forwarded Winnsboro by Proctor and Gamble on twenty-fourth.

"'Cuero Cotton Oil & Mfg. Co.'

"After the receipt of the telegram next above set out, the correspondence set out below followed:

"'Houston, Texas, 2–4, 1918.

"'Farmers' Cotton Oil Co., Winnsboro, Texas. P. & G. tank 1975 forwarded January 24th for crude cotton seed oil our purchase December 4th, Yepp. Will you load tank on arrival as per contract. Obedient. [Signed] Houston Packing Company.'

"'Winnsboro, Texas, 2:00 P. M., Feb. 6, 1918.

"'To Houston Packing Co., Houston, Texas. Will not load tank except at market price to-day. Farmers' Cotton Oil Co.'

"'Houston, Tex., 2/6/1918.

"'Cuero Cotton Oil & Mfg. Co., Cuero, Texas. Farmers' Winnsboro wire will not load P. & G. tank except at market price to-day. [Signed] Houston Packing Company.'

"'Houston, Texas, Feb. 6, 1918.

"'Cuero Cotton Oil & Mfg. Co., Cuero, Texas—Gentlemen: P. C. C. No. 1949—S. C. No. 1791. We to-day wired the Farmers' Cotton Oil Co., Winnsboro, Texas, as follows: "Proctor & Gamble Co. tank 1975 forwarded January 24th for 1 tank prime crude C/S oil our purchase December 4th Yepp, will you load tank on arrival per contract? On receipt of this please telegraph." And we are now in receipt of their reply as follows: "Winnsboro, Texas, 2:00 P. M. 2–6—1918. Houston Packing Company, Houston, Texas. Will not load tank except at market price to-day. [Signed] Farmers' Cotton Oil Company."

"'We transmitted you this information by wire to-day as follows: "Farmers' Winnsboro wire will not load P. & G. tank except at market price to-day."

"'Please advise Farmers' Cotton Oil Co., Winnsboro, at once your intention regarding this oil. Yours truly,

"'Houston Packing Company.'"

The tank car did not reach Winnsboro until February 21, 1918. The Court of Civil Appeals held·that the plaintiff in error had not canceled its contract of sale under its provisions, and that same was binding on it on February 21, when the tank car reached Winnsboro.

The question here presented is whether the telegram of date February 6, 1918, from plaintiff in error to defendant in error, reading, "Farmers' Winnsboro wire will not load P. & G. tank except at market price to-day," was telegraphic notice of cancellation. It is clear that at this time, under the contract, plaintiff in error had the right to cancel by giving telegraphic notice of its intention to do so. On January 7 it had tendered this car of oil to fill its contract, and from that time dealings were with regard to this particular car of oil. Defendant in error knew that this was the oil with which its contract was to be filled. It also knew that under the contract plaintiff in error would have the right to cancel the contract in case a car was not furnished during the month of January, 1918. On January 30, 1918, the Farmers' Cotton Oil Company wrote plaintiff in error that it had been advised that Proctor & Gamble would be unable to furnish January tanks and was asking for extension which it could not grant, and that to its surprise it had received a letter of instructions and number of tank forwarded January 24th to it, and which it felt could not reach it during the life of its contract; that if the tank arrived it would load, and, if not, its contract with plaintiff in error would be null and void. This letter was received by plaintiff in error on February 1, 1918, and on that date it forwarded the copy of this letter to defendant in error, and wrote it as follows:

"This is to give you official notice of the intention of Farmers' Cotton Oil Company relative to the delivery of this oil. We would suggest that you advise Proctor & Gamble immediately, so as to avoid any unnecessary delay to the tanks or further complications on this contract."

On this same day defendant in error wired plaintiff in error advising that tank had been forwarded to Winnsboro on January 24th. At the time of this advice plaintiff in error had the option of canceling the contract. "Official notice" in the above letter meant that in case the tank reached Winnsboro during the month of January, it would be filled under the contract, but, if not, it would not be filled, and that plaintiff in error would exercise its option to cancel. Having written this letter on the first to defendant in error, inclosing copy of letter from Farmers' Cotton Oil Company of date January, 30, the plaintiff in error on February 6, 1918, wired asking Farmers' Cotton Oil

Company whether it would load the tank on arrival under its contract, and on this date in reply Farmers' Cotton Oil Company wired plaintiff in error as follows: "Will not load tank except at market price to-day." Immediately plaintiff in error wired defendant in error, "Farmers' Winnsboro wire will not load P. & G. tank except at market price to-day," and on the same day they followed this wire with a letter to the defendant in error advising of its wire to and reply from Farmers' Cotton Oil Company and used this language: "Please advise Farmers' Cotton Oil Company Winnsboro at once your intention regarding this oil." It is clear that after January 7th both the packing company and Cuero Company understood that this contract was to be filled by delivery of the Winnsboro oil. Under their contract they were charged with knowledge that after January had expired the packing company had the right to cancel. The letter of February 1 with the copy of letter from the Winnsboro company was "official notice" of an intention to cancel, for it is specific notice that the oil would not be delivered under the contract, if the car did not reach Winnsboro during January. Therefore when the packing company had ascertained by telegraphic notice that the car had not reached Winnsboro and that the Winnsboro company had canceled their contract, it at once, by telegraphic notice, on February 6, advised the Cuero Company of this fact, which was in substance a cancellation of its contract with the Cuero Company. This notice will bear no other reasonable construction, and it is immaterial whether there was a custom among those dealing with cotton oil products to so construe it. We therefore recommend that the judgments of both the Court of Civil Appeals and the district court be reversed and that judgment be rendered for plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error.